**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SUMMERGATE DEVELOPMENT, LLC,**

    **Plaintiff,**

v.                                                            Case No: 5:24-cv-329-JSM-PRL

**SANDSTONE SITE SERVICES LLC, SANDSTONE SITE SERVICES NE, LLC, SANDSTONE TRUCKING, LLC, JOHN JOSEPH MURPHY, II and ANDREW HUNTER MURPHY,**

    **Defendants.**

---

**ORDER**

This case comes before the Court on Plaintiff's Motion for Appointment of Process Server. (Doc. 11). Plaintiff requests that the Court appoint C. Grady Legette and Amanda Legette as process servers to serve process in this action under Federal Rule of Civil Procedure 4.

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made . . . by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(c)(3). Although the Federal Rules of Civil Procedure normally make appointment of a special process server unnecessary because Rule 4(c)(2) provides that service may be made by "[a]ny person who is at least 18 years old and [is] not a party," court appointment is appropriate when the party needs to be given authority that is not available to the ordinary private process server. *See Allstate Ins. Co. v. Weir*, 531 F. Supp. 2d 674, 679 (E.D. N.C. 2008). A court-appointed process server may also be appropriate where other reasonable

methods of effecting service privately have been exhausted. *Gaskin v. Hammer Scotts, Inc.*, No. 8:9-CV-647-T-17JSS, 2019 WL 13262721, at *1 (M.D. Fla. Mar. 27, 2019). As the Federal Rules of Civil Procedure have expanded the persons who may serve process, "a court appointment will be necessary only when the process server needs to be invested with the authority that accompanies a court." *Id.* (quoting 4A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 1091 (3d ed. 2002)). Thus, any motion for appointment of a special process server should describe the reasons why that authority is necessary to effect service of process. *Id.*

Here, other than noting that C. Grady Legette and Amanda Legette are persons who are over the age 18 and not parties to the action, Doc. 11, p. 1, Plaintiff failed to indicate why special appointment of designated process servers is necessary in this case. *See, e.g., GMAC Real Estate, LLC v. Waterfront Realty Grp., Inc.*, No. 209CV546FTM36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) ("Plaintiff has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3).").

Accordingly, Plaintiff's Motion for Appointment of Process Server is **DENIED** without prejudice. If Plaintiff feels that special court authority is needed, it must describe with particularity the reasons supporting its motion.

**DONE** and **ORDERED** in Ocala, Florida on August 16, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 3 -

Counsel of Record
Unrepresented Parties